Aaron Blonder, trading as Red Cross Shoes, complainant-respondent,

*v.*

United Retail Employes of Newark, New Jersey, Local No. 108, affiliated with the C. I. O., Robert Brown, Eugene Freund, Daniel Rafaele, Jack Reback, Meyer Fagan and Samson Elerbee, Jr., defendants-appellants.

[Argued May 23d, 1939—Decided October 26th, 1939.]

*Mr. Isidor Kalisch* and *Mr. Harold Forgang,* for the complainant-respondent.

*Mr. Samuel L. Rothbard,* for the defendants-appellants.

PER CURIAM.

Complainant's bill and *ex parte* proofs were filed December 24th, 1938, whereupon there issued, on the findings and advice of Vice-Chancellor Bigelow, an order directing the defendants to show cause on January 3d, 1939, why they should not be enjoined *pendente lite* in accordance with the prayer of the bill and restraining the defendants during the interim from picketing, distributing a certain handbill, obstructing passage to and from complainant's store premises and exhibiting signs of certain import. There were four paragraphs of restraint, the first three of which were precisely the same, except for the street address, as in the case of *Kitty Kelly Shoe Corp.* v. *United Retail, &c., Local 108,* decided contemporaneously herewith. *126 N. J. Eq. 318.* On the return day the order under appeal was entered on the advice of Vice-Chancellor Berry continuing, *pendente lite,* the restraints imposed by the *ad interim* stay. It appears from the memorandum filed by the vice-chancellor that the order was presented for signature at the same time as was that of the restraint *pendente lite* in the *Kitty Kelly Shoe Corp. Case,* that the same counsel appeared for the defendants in each case and that counsel for both complainant and defendants represented that Vice-Chancellor Bigelow was not available, "stated that the final disposition of the case would abide the disposition in *Kitty Kelly Shoe Corp.* v. *United Retail Employes, &c.,*" and "insisted that the entry of the order was purely *pro forma* and that the final disposition of the cause was dependent upon the final disposition of the other case which I had heard. * * * The order * * * was, in effect, a consent order."

We think that the character of the proofs and the representations made to the vice-chancellor by counsel when the order was signed are such that the same disposition should be made

of this appeal as of that in the *Kitty Kelly Shoe Corp. Case,* namely, the order allowing restraint *pendente lite* should be reversed, with costs, and the record remanded without prejudice to the disposition of the cause on final hearing. That will be the order.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.